ALBION K. KNAPP in eq. *vs.* ALBION P. BEATTIE & wife.

Oxford. Opinion December 12, 1879.

*Stat.* 1862, *chap.* 106, § 2. *Attachment. Volunteer. Exemption.*

The act of 1862 (c. 106, § 2), which exempted from attachment during his term of service the personal property of a volunteer to the amount in value of one thousand dollars in addition to other property by law exempted, does not apply to land held in his wife's name after his expiration of service, although bought by him with his own money before that time, he having at the time of the purchase no more property than the amount exempted.

BILL IN EQUITY, inserted in writ dated March 30, 1872, and heard on bill, answer and proof.

The facts sufficiently appear in the opinion.

*R. A. Frye,* for the plaintiff.

*S. F. Gibson,* for the defendant.

PETERS, J.  It is admitted by the respondents, husband and wife, that the husband purchased a parcel of land, paid for it with his own money, took a deed in his wife's name, and that he has but little or no other attachable property.  The bill is prosecuted to obtain out of the land the collection of a debt due the complainant before the purchase was made.  This case is governed by the decision in the case of *Sampson* v. *Alexander,* 66 Maine, 182, and by other similar cases therein cited.

The only objection set up against maintaining the bill is, that the means taken to pay for the land was bounty money received by the husband as a volunteer in the late war, not exceeding the amount of property exempted to a soldier in the service from attachment by the act passed in 1862.  This is not a defense. The act referred to (Laws 1862, c. 106, § 2) allowed the privilege of exemption only "during the term of service of such volunteer," and the respondent's term of service has long ago expired.  And the exemption allowable was to be of "personal property," while this is real estate.

The question whether this provision in the act of 1862 was constitutional or not, raised by counsel, needs no discussion.

> *Bill sustained with costs.  A master to be appointed to appraise and set off, with like powers, as in Sampson* v. *Alexander, supra.*

APPLETON, C. J., WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.